IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| OIL SPILL RESPONSE VESSELS, LLC, DARREN K. BYLER, and DARREN K. BYLER, Preferred Marine Mortgage Lien Holder M/V Alaskan,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF KODIAK, PAT BRANSON, MIKE TVENGE, JOSIE BAHNKE, MICHAEL SARNOWSKI, CHARLES DAVIDSON, TERRY J. HAINES, RICHARD WALKER, JOHN WHIDDON, LAURA ARBOLEDA, COOPER G. CURTIS, HIGHMARK MARINE FABRICATION, LLC.,<br><br>Defendants. | Case No. 3:23-cv-00067-JMK<br><br>**CASE MANAGEMENT ORDER** |

Before the Court are various motions from each of the parties. The Court issues this Case Management Order for the efficient resolution of the pending motions and to direct forward progress in this litigation. For the reasons below, Plaintiffs' Motion for Entry of Default is **DENIED AS MOOT** and Motion to Amend at Docket 28 is **GRANTED**. Defendants' Motion to Take Judicial Notice and Motions to Dismiss at

Dockets 24–26 are **DENIED AS MOOT.** Plaintiffs' Motion to Dismiss Counsel Appearance and Court Filings by Counsel at Docket 32; Amended Motion to Dismiss Counsel Appearance and Court Filings at Docket 39; and Motion for Leave to File Exhibit Conventionally at Docket 40 are **DENIED.**

A.  **Plaintiffs' Motion for Entry of Default**

At Docket 19, Plaintiffs move for an entry of default pursuant to Federal Rule of Civil Procedure 55. At Docket 17, Defendants requested additional time to file their Answer, which the Court granted at Docket 18. Defendants filed appropriate responsive pleadings at Dockets 21–26 on or before June 15, 2023, as directed by the Court. Accordingly, Plaintiffs' Motion for Entry of Default is **DENIED AS MOOT.**

B.  **Motions to Dismiss and Motion to Amend**

At Dockets 24, 25, and 26, Defendants filed a Motion to Take Judicial Notice and Motions for Dismiss for Failure to State a Claim. Eight days later at Docket 28, Plaintiff Byler moved to amend his complaint. The proposed First Amended Complaint is timely under Federal Rule of Civil Procedure 15(a)(1)(B). At Docket 35, Defendants responded in opposition arguing that the proposed First Amended Complaint does not follow the Local Civil Rules for amendment and brings no new claims, just additional narrative.

The Court has thoroughly considered Defendants' argument. After extensive review and without making any judgment or findings as to the sufficiency of the pleadings, the Court finds that Plaintiff Byler did articulate new alleged constitutional violations under the Fourth and Fourteenth Amendments in the First Amended Complaint. Because the

*Oil Spill Response Vessels, LCC, et al. v. City of Kodiak, et al.*     Case No. 3:23-cv-00067-JMK
Case Management Order     Page 2

Case 3:23-cv-00067-JMK   Document 45   Filed 03/21/24   Page 2 of 5

Court must give self-represented litigants the benefit of liberal construction,[1] the Court does find Plaintiff Byler's proposed First Amended Complaint appropriate.

Therefore, Plaintiff Byler's Motion to Amend at Docket 28 is **GRANTED**. Plaintiff Byler must re-file the proposed First Amended Complaint at Docket 28-1 <u>within seven days of receipt of this Order</u>. Defendants' Motion to Take Judicial Notice at Docket 24; Motion to Dismiss for Failure to State a Claim at Docket 25, and Motion to Dismiss for Failure to State a Claim at Docket 26 are **DENIED AS MOOT**. Upon the proper filing of the First Amended Complaint, Defendants' responsive pleading deadlines shall resume. Defendants have leave to re-file the Motion to Take Judicial Notice and/or any same or similar Motions to Dismiss for Failure to State a Claim.

**C.    Motions to Dismiss Counsel**

Plaintiff Byler, as a self-represented litigant and through counsel, requests this Court disqualify and strike all filings from defense counsel "per Alaska Rules of Professional Conduct Rule 1.7, Conflict of Interest, and 'Beyond the Pale' late notice of appearance filed on June 12, 2023 and subsequent documents filed with this Court."[2] Plainly, these motions have no merit. First, Defendants' counsel's appearance was timely.[3] Second, Plaintiff's ethics claim lacks the proper venue or factual basis to be brought before this Court.

---

[1] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).
[2] Docket 32 at 1–2; Docket 39 at 1.
[3] *See* Dockets 16–18 and 20–26.

*Oil Spill Response Vessels, LCC, et al. v. City of Kodiak, et al.*    Case No. 3:23-cv-00067-JMK
Case Management Order    Page 3

Case 3:23-cv-00067-JMK    Document 45    Filed 03/21/24    Page 3 of 5

Local Civil Rule 83.1(h) states that "[t]he standards of the Alaska Rules of Professional Conduct apply to any attorney admitted to practice in this court." Alaska Rule of Professional Conduct 1.7 defines a concurrent conflict of interest as: "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." An actual conflict of interest is one "that affect[s] counsel's performance—as opposed to a mere theoretical division of loyalties."[4]

While a court does have a responsibility to monitor the conduct of attorneys, a federal district court does not adjudicate matters pursuant to the Alaska Rules of Professional Conduct.[5] Regardless, Plaintiffs filings—both self-represented and re-packaged and re-submitted by counsel—do not provide meritorious arguments that opposing counsel have violated the Alaska Rules of Professional Conduct. Defendants may and can choose their counsel as they see fit. Any further attempts to file motions of this rationale will be summarily denied and risk sanctions against Plaintiff under Rule 11 of the Federal Rules of Civil Procedure. The Motions to Disqualify Counsel at Dockets 32 and 39, and the Motion for Leave to File Exhibit Conventionally at Docket 40, are **DENIED**.

---

[4] *Mickens v. Taylor*, 535 U.S. 162, 163 (2002).
[5] *See Erickson v. Newmar Corp.*, 87 F.3d 298, 300 (9th Cir. 1996) (citing *Trust Corp. v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir.1983)) ("The district court has the duty and responsibility of supervising the conduct of attorneys who appear before it."); *see also* Alaska Bar Association, Complaints Against Attorneys (March 15, 2024, 7:50 PM), https://alaskabar.org/for-our-community/complaints-against-attorneys.

*Oil Spill Response Vessels, LCC, et al. v. City of Kodiak, et al.*  Case No. 3:23-cv-00067-JMK
Case Management Order  Page 4
Case 3:23-cv-00067-JMK   Document 45   Filed 03/21/24   Page 4 of 5

IT IS SO ORDERED this 21st day of March, 2024, at Anchorage, Alaska.

                                          */s/ Joshua M. Kindred*
                                          JOSHUA M. KINDRED
                                          United States District Judge

*Oil Spill Response Vessels, LCC, et al. v. City of Kodiak, et al.*     Case No. 3:23-cv-00067-JMK
Case Management Order     Page 5
Case 3:23-cv-00067-JMK   Document 45   Filed 03/21/24   Page 5 of 5