IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

OIL SPILL RESPONSE VESSELS, LLC, *et al.*,

    Plaintiffs,

v.

CITY OF KODIAK, *et al.*,

    Defendants.

Case No. 3:23-cv-00067-SLG-MMS

## ORDER RE REPORT AND RECOMMENDATION

Before the Court are three pending motions in this matter:

1. A Motion to Take Judicial Notice at Docket 24 filed by Defendants City of Kodiak, Laura Arboleda, Josie Bahnke, Pat Branson, Charles Davidson, Terry Haines, Michael Sarnowski, Mike Tvenge, Richard Walker, John Whiddon (together, the "City Defendants"), and by Defendants Cooper Curtis and Highmark Marine Fabrication, LLC (together, the "Highmark Defendants"). Plaintiff Darren K. Byler responded in opposition to the motion at Docket 55 to which the City Defendants replied at Docket 56.

2. A Motion to Dismiss at Docket 25 filed by the City Defendants. Plaintiff Byler filed a response in opposition at Docket 52 to which the City Defendants replied at Docket 58.

3. A Motion to Dismiss at Docket 26 filed by the Highmark Defendants. Plaintiff Byler filed a response in opposition at Docket 54 to which the Highmark Defendants replied at Docket 57.

The motions were referred to the Honorable Magistrate Judge Matthew M. Scoble. At Docket 60, Judge Scoble issued his Report and Recommendation, in which he recommended as follows:

- That Defendants' Motion to Take Judicial Notice at Docket 24 be granted;
- That the City Defendants' Motion to Dismiss at Docket 25 be granted;
- That the Highmark Defendants' Motion to Dismiss at Docket 26 be granted;
- That all Plaintiff Oil Spill Response Vessels, LLC (OSRV)'s claims against all Defendants be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1); and
- That all Plaintiff Byler's claims against all Defendants be dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff Byler filed objections to the Report and Recommendation at Docket 61 to which Defendants replied at Docket 62.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in

Case No. 3:23-cv-00067-SLG-MMS, *Oil Spill Response Vessels, LLC, et al. v. City of Kodiak, et al.*
Order re Report and Recommendation
Page 2 of 7
Case 3:23-cv-00067-SLG-MMS   Document 63   Filed 10/16/24   Page 2 of 7

part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

On de novo review, the Court considers Mr. Byler's objections.

First, Mr. Byler asserts that the Kodiak administrative hearing is "moot because the case is a maritime case," and the "City failed to follow federal maritime law procedural requirements to properly arrest the vessel with a warrant from a duly authorized court, using the United States Marshals."[4] This assertion is without merit. First, any challenge to the Kodiak administrative hearing should have been raised in that proceeding or in a subsequent appeal to the state Superior Court. Second, it is well established that federal laws and regulations do not occupy the field of anchorage and mooring; a state may also regulate in this area.[5] And while the harbormaster did not initially have the authority to sell or otherwise dispose of

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 61 at 1.

[5] *Barber v. State of Hawai'i,* 42 F.3d 1185, 1193 (9th Cir. 1994).

Case No. 3:23-cv-00067-SLG-MMS, *Oil Spill Response Vessels, LLC, et al. v. City of Kodiak, et al.*
Order re Report and Recommendation
Page 3 of 7
Case 3:23-cv-00067-SLG-MMS   Document 63   Filed 10/16/24   Page 3 of 7

the vessel when it was impounded in December 2017, the harbormaster is accorded that authority after the administrative hearing officer found probable cause to impound the vessel and the state court "affirms the decision or the time for appeal expires without an appeal having been filed,"[6] which was the case here in February 2018.[7]

Plaintiff's objection regarding the standing of Mr. Byler to assert OSRV's claims[8] is of no import, because the Magistrate Judge proceeded "as if all the claims can be asserted by Byler."[9]

Plaintiff objects to the Magistrate Judge's recommendation that this action is untimely[10] by asserting that the sinking of the vessel in July 2021 took place within two years of the filing of this case in March 2023.[11] But, as noted above, the City acquired the right to dispose of the vessel in early 2018 when no appeal was timely filed. That is when Plaintiff's cause of action accrued.[12] That the vessel

---

[6] Docket 24-1 at 2-3 (quoting Kodiak, Alaska, City Code tit. 18, ch. 28, § 390).

[7] *See* Docket 24-1; Kodiak, Alaska, City Code tit. 18, ch. 28, § 390(e).

[8] *See* Docket 61 at 2.

[9] *See* Docket 60 at 11 n.15.

[10] *See* Docket 60 at 12-14.

[11] Docket 52 at 14.

[12] *See Lee v. United States*, 809 F.2d 1406, 1410 (9th Cir. 1987). Or, as the Magistrate Judge concluded, all of Plaintiff's claims accrued at the very latest no later than August 22, 2018. See Docket 60 at 13.

Case No. 3:23-cv-00067-SLG-MMS, *Oil Spill Response Vessels, LLC, et al. v. City of Kodiak, et al.*
Order re Report and Recommendation
Page 4 of 7

was not ultimately destroyed until a few years later does not alter when Plaintiff's cause of action accrued.

Plaintiff next takes issue with the Magistrate Judge's recommendation that the Complaint fails to state a claim under 42 U.S.C. § 1983,[13] by asserting that he has asserted "numerous tort claims."[14] But Plaintiff brought this case in federal court asserting a violation of his civil rights under 42 U.S.C. § 1983.[15] Without a valid Section 1983 claim, this Court lacks subject matter jurisdiction over Plaintiff's state tort claims.[16]

Plaintiff next argues that this case is similar to *State v. Stanley*.[17] That case was an action by a crab vessel owner for damages attributable to the sinking of the vessel when the vessel was in the State's possession after having been seized for the alleged possession of undersized king crab.[18] But that case is inapposite. Plaintiff may have had such a claim if the vessel had been sunk or damaged by the City prior to the administrative decision becoming final in February 2018. Thereafter, however, Plaintiff no longer had any right to possession of the vessel.

---

[13] *See* Docket 60 at 14-16.

[14] Docket 61 at 2.

[15] Docket 1 at 10.

[16] *See* 28 U.S.C. § 1367(c); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

[17] Docket 61 at 3 (citing 506 P.2d 1284 (Alaska 1973)).

[18] *State v. Stanley*, 506 P.2d at 1286.

Case No. 3:23-cv-00067-SLG-MMS, *Oil Spill Response Vessels, LLC, et al. v. City of Kodiak, et al.*
Order re Report and Recommendation
Page 5 of 7
Case 3:23-cv-00067-SLG-MMS   Document 63   Filed 10/16/24   Page 5 of 7

Plaintiff next takes issue with the Magistrate Judge's recommendation to dismiss the Highmark Defendants. But on de novo review, this Court agrees with Magistrate Judge's conclusion that these Defendants were not state actors against whom a Section 1983 claim may be brought.[19] The fact that the Highmark Defendants were paid by the City to sink the vessel is insufficient to establish them as state actors for purposes of Section 1983.[20]

Finally, Plaintiff objects to the Report's recommendation that the governmental actors are immune.[21] However, he cites to Alaska law, not to the applicable federal case law regarding legislative immunity and qualified immunity.[22] On de novo review, and to the extent it is even relevant given the untimeliness of this action, the Court agrees with the Magistrate Judge's analysis on this point.

The Court has reviewed the balance of the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED as follows:

- Defendants' Motion to Take Judicial Notice at Docket 24 is GRANTED.

---

[19] *See* Docket 60 at 15-16.

[20] *Cf. Berger v. Hanlon*, 129 F. 3d 505, 514-15 (9th Cir. 1997), *vacated and remanded on separate grounds by* 526 U.S. 808 (1999), *judgment reinstated by* 188 F.3d 1155 (9th Cir. 1999).

[21] Docket 60 at 16-18.

[22] *See* Docket 61 at 4-5 (citing Alaska Stat. § 09.65.070); Docket 60 at 16-18.

Case No. 3:23-cv-00067-SLG-MMS, *Oil Spill Response Vessels, LLC, et al. v. City of Kodiak, et al.*
Order re Report and Recommendation
Page 6 of 7
Case 3:23-cv-00067-SLG-MMS   Document 63   Filed 10/16/24   Page 6 of 7

- City Defendants' Motion to Dismiss at Docket 25 is GRANTED.

- Highmark Defendants' Motion to Dismiss at Docket 26 is GRANTED.

- All Plaintiff Oil Spill Response Vessels, LLC's claims against all Defendants are DISMISSED for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

- All Plaintiff Darren K. Byler's claims against all Defendants are DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Clerk of Court shall enter a final judgment accordingly.

DATED this 15th day of October 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00067-SLG-MMS, *Oil Spill Response Vessels, LLC, et al. v. City of Kodiak, et al.*
Order re Report and Recommendation
Page 7 of 7
Case 3:23-cv-00067-SLG-MMS   Document 63   Filed 10/16/24   Page 7 of 7